Dear Representative Landrieu:
You have requested the opinion of this office concerning whether the authorization by the legislature for the Louisiana Recovery District (the "District") to levy and collect an additional sales and use tax must be by a two-thirds vote or by a simple majority vote.
The District, whose authority is set forth in LSA R.S. 39:2001, et seq., is a "special taxing district whose boundaries are coterminous with the State of Louisiana and which shall be a body politic and corporate and a political subdivision of the state with all the powers of a political subdivision." R.S.39:2002.
Article VII, Section 2 of the Louisiana Constitution provides that the "levy of a new tax, an increase in an existing tax, or the repeal of an existing tax exemption shall require the enactment of a law by two-thirds of the elected members of each house of the legislature." These provisions, however, do not apply to the authorization for a political subdivision to levy an additional sales tax. The authority for the District to levy a tax is derived from Article VI, Section 30, which states, "a political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal, and other local purposes, strictly public in their nature." Article VII, Sec. 2 applies to the actual levy of a tax, not the grant of authorization for a new tax by a political subdivision.
This office has issued several opinions on this precise issue. In Op. Atty. Gen. 79-519, the question was whether a house bill, which authorized municipalities of parishes with a population in excess of 400,000 to impose a .5% service charge upon certain activities of hospitals, required a two-thirds or simple majority vote of the legislature. This office opined that the bill did not require a two-thirds majority for passage because the charge would not automatically be levied upon adoption of the bill. Further action by the municipalities, either an ordinance or an election, was still necessary for the charge to be imposed. Unless a bill causes a tax to be levied at the time of its adoption, it does not fall within the restrictions of Article VII, Sec. 2.
In Op. Atty. Gen. 78-856, this office stated that the legislature could, by a simple majority vote, authorize the Orleans Parish School Board to impose an additional sales and use tax. The opinion reasoned that an authorization of taxes only requires a simple majority because some further action by the political subdivision is necessary to actually impose the tax. The opinion also cites the Constitutional Convention transcripts, which reveal that it was not the legislature's intention to require that a tax be approved by a two-thirds vote of the legislature and a majority of the electors of the political subdivision imposing the tax:
 Mr. Perez . . . I think there are two methods by which taxes can be raised; one is by two-thirds vote of the legislature with no vote of the people; the other is by an ordinary act of the legislature with a majority of those voting in the election. It seems to me that the truest sense as to whether people want an increase in taxes is whether you can get a majority of the votes at the polls. I think that is a lot more difficult to get than it would be for the legislature. I don't believe that you should have to have that additional burden of having to have two-thirds of the legislature plus a majority of those voting in an election.
Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, Vol. VIII, 79th Days Proceedings — November 6, 1973, p. 2163.
Therefore, it is the opinion of this office that the Legislature can authorize the Louisiana Recovery District to levy an additional penny by a simple majority vote.
The voters may choose to approve the proposed constitutional amendment to Article III, Section 2 (Act No. 1041 of the 1993 Regular Session) which changes the length of legislative sessions and provides for fiscal sessions in even numbered years. If so approved, all matters considered by the legislature after a certain number of legislative days have elapsed will require a two-thirds vote of the elected members of each house. During regular sessions convened in odd numbered years, after midnight of the fifty-fifth legislative day, a two-thirds vote will be required for matters intended to have the effect of law; during an even-numbered regular session, all matters considered after midnight of the twenty-seventh legislative day would need a favorable vote of two-thirds of the elected members of each house. It must also be noted that no measure levying or authorizing a new tax or increasing an existing tax, by any statewide political subdivision whose boundaries are coterminous with the state, could be introduced or enacted during a regular session held in an odd-numbered year, if the voters approve the constitutional amendment.
We trust this adequately responds to your inquiry. If we can be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI:MSH:jv 2938